

FILED by GF   D.C.
ELECTRONIC
JUN 29, 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **10-20501-CR-MOORE/SIMONTON**

18 U.S.C. § 1029(b)(2)
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1029(a)(4)
18 U.S.C. § 1029(c)(2)
18 U.S.C. § 982(b)

UNITED STATES OF AMERICA

vs.

JUAN JAVIER CARDENAS,
  a/k/a "Maceo"

            Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Conspiracy to Commit Fraud in Connection with Access Devices
### (18 U.S.C. § 1029(b)(2))

1.  Beginning in or around November 2007 and continuing through on or about May 28, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

JUAN JAVIER CARDENAS,
  a/k/a "Maceo,"

did knowingly and with intent to further the object of the conspiracy combine, conspire, confederate and agree with MO with persons known and unknown to the Grand Jury, to commit an offense under Title 18, United States Code, Section 1029(a):

a. to knowingly and with intent to defraud traffic in and use one or more unauthorized access devices during any one-year period, that is, unauthorized credit card numbers, and by such conduct obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(2);

b. to knowingly and with intent to defraud possess fifteen or more unauthorized access devices, that is, unauthorized credit card numbers, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(3).

### Purpose of the Conspiracy

2. It was the purpose of the conspiracy for the defendant to unlawfully enrich himself and others by: (a) buying credit card numbers from co-conspirators, knowing that the numbers had been stolen and obtained by fraud; and (b) selling those credit card numbers to other co-conspirators, knowing that the numbers would be used for the personal use and benefit of co-conspirators, without the knowledge or consent of the true account holders.

### Manner and Means of the Conspiracy

3. **JUAN JAVIER CARDENAS** contacted co-conspirators via the Internet and purchased credit card information in bulk, including unauthorized credit card numbers, which **CARDENAS** knew to be stolen and obtained by fraud. **CARDENAS** purchased at least approximately 26,669 credit card numbers in this manner.

4. **JUAN JAVIER CARDENAS** resold the stolen and fraudulently obtained credit card information to other co-conspirators, knowing they would use the information to make fraudulent credit card purchases without authorization from the true credit card account holders.

2

5. **JUAN JAVIER CARDENAS** further used the stolen and fraudulently obtained credit card information to unlawfully manufacture credit cards without authorization from the true credit card account holders or the credit card issuers.

## Overt Acts

In furtherance of the conspiracy, and to accomplish its objects and purpose, the conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, the following overt acts, among others:

6. On or about March 20, 2009, **JUAN JAVIER CARDENAS** e-mailed approximately 60 unauthorized credit card numbers to Co-conspirator # 1.

7. On or about March 26, 2009, **JUAN JAVIER CARDENAS** e-mailed approximately 80 unauthorized credit card numbers to Co-conspirator # 2.

8. On or about April 1, 2009, **JUAN JAVIER CARDENAS** e-mailed approximately 402 unauthorized credit card numbers to Co-conspirator # 3.

9. On or about April 24, 2009, **JUAN JAVIER CARDENAS** e-mailed approximately 91 unauthorized credit card numbers to Co-conspirator # 4.

10. On or about April 27, 2009, **JUAN JAVIER CARDENAS** e-mailed approximately 100 unauthorized credit card numbers to Co-conspirator # 2.

11. On or about April 29, 2009, **JUAN JAVIER CARDENAS** e-mailed approximately 124 unauthorized credit card numbers to Co-conspirator # 5.

12. On or about May 4, 2009, **JUAN JAVIER CARDENAS** e-mailed approximately 163 unauthorized credit card numbers to Co-conspirator # 5.

13. On or about May 7, 2009, **JUAN JAVIER CARDENAS** e-mailed approximately 104 unauthorized credit card numbers to Co-conspirator # 4.

14. On or about May 12, 2009, **JUAN JAVIER CARDENAS** e-mailed approximately 415 unauthorized credit card numbers to Co-conspirator # 3.

All in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNT 2
### Fraud in Connection with the Trafficking of Unauthorized Access Devices
### (18 U.S.C. § 1029(a)(2))

Beginning in or around November 2007 and continuing through on or about May 28, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JUAN JAVIER CARDENAS,**
a/k/a "Maceo,"

did knowingly and with intent to defraud traffic in and use one or more unauthorized access devices during any one-year period, that is, unauthorized credit card numbers, and by such conduct obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT 3
### Fraud in Connection with the Possession of Device Making Equipment
### (18 U.S.C. § 1029(a)(4))

On or about May 28, 2009, in Miami-Dade County, in the Southern District of Florida, the defendant,

**JUAN JAVIER CARDENAS,**
a/k/a "Maceo,"

did knowingly, and with intent to defraud, have control and custody of and possess device-making equipment, that is, credit card printers and a credit card embosser, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(4) and 2.

4

## FORFEITURE
## (18 U.S.C. § 982)

1.  The allegations of Counts 1 through 3 of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of certain property in which the defendant has an interest, pursuant to the provisions of Title 18, United States Code, Section 1029(c) and Title 18 United States Code, Section 982(a)(2)(B).

5

2.  Upon conviction of the offenses charged in Counts 1 through 3, defendant **JUAN JAVIER CARDENAS** shall forfeit to the United States (1) any personal property used, or intended to be used to commit such violation(s) and (2) any property constituting or derived from any proceeds which the defendant obtained, directly or indirectly, as the result of such violation(s). Such forfeitures shall include, but are not limited to, the sum of $350,000.

All pursuant to Title 18, United States Code, Section 1029(c)(2); Title 18, United States Code, Section 982(b); and Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
MARC OSBORNE
ASSISTANT UNITED STATES ATTORNEY

_____
*For*  JOSEPH E. SPRINGSTEEN
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| JUAN JAVIER CARDENAS, | |
| Defendant._____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

| | | | | |
|---|---|---|---|---|
| X | Miami | ___ Key West | | |
| ___ | FTL | ___ WPB | ___ | FTP |

New Defendant(s)        Yes ___    No ___
Number of New Defendants    ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    NO
   List language and/or dialect    _____

4. This case will take   3   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                                (Check only one)

   I     0 to 5 days        X          Petty      ___
   II    6 to 10 days       ___        Minor      ___
   III   11 to 20 days      ___        Misdem.    ___
   IV    21 to 60 days      ___        Felony     X
   V     61 days and over   ___

6. Has this case been previously filed in this District Court? (Yes or No)    NO
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No) ___
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No)    NO

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    ___ Yes    X No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    ___ Yes    X No

_____
Marc Osborne
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 0142859

*Penalty Sheet(s) attached                                    REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: <u>JUAN JAVIER CARDENAS</u>

Case No:

Count #: 1

<u>Conspiracy to Commit Fraud in Connection with Access Devices</u>

<u>18 U.S.C. § 1029(b)(2)</u>

\* Max. Penalty: <u>5 years' imprisonment</u>

Count #: 2

<u>Fraud in Connection with the Trafficking of Unauthorized Access Devices</u>

<u>18 U.S.C. § 1029(a)(2)</u>

\*Max. Penalty: <u>10 years' imprisonment</u>

Count #: 3

<u>Fraud in Connection with the Possession of Device Making Equipment</u>

<u>18 U.S.C. § 1029(a)(4)</u>

\*Max. Penalty: <u>15 years' imprisonment</u>

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.